**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel (Mike) Mansanares,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Sheriff Joseph Arpaio,<br><br>　　　　Respondent. | No. CV 09-2214-PHX-MHM (LOA)<br><br>**ORDER** |

Petitioner Miguel Mansanares, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* a "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State Custody" ("Petition") with a document captioned "Petition for Emergency Injunction: To Stay All Proceedings in State Cases" (hereafter "Motion"). (Doc.# 1, 3.)[1] Petitioner has paid the $5.00 filing fee to file a habeas petition pursuant to 28 U.S.C. § 2241. (Doc.# 1.) Petitioner thereafter filed various motions. (Doc.# 6-12.) The Court will deny the motions and summarily dismiss the Petition and this action.

**I.　Petition**

Petitioner is and has been held by the Maricopa County Sheriff's Office in connection with three criminal cases filed in Maricopa County Superior Court since March 2008.[2] In

---

[1] "Doc.#" refers to the docket number of filings in this action.

[2] See Mansanares v. Arpaio, No. CV 09-0284-PHX-MHM (LOA), doc.# 5 at 1-2, which was dismissed on March 17, 2009. In the current Petition, Petitioner states that he is and has

the instant Petition, Petitioner states that on October 15, 2009, he was indicted on new charges in case # CR2009-007748, which arose from events in connection with a hearing on July 8, 2009 in one of his other criminal cases.[3] (Doc.# 1 at 1, attach.) Petitioner contends that on July 8, two unidentified Maricopa County Sheriff's Deputies assaulted him resulting in internal injuries and broken ribs. (Id.) Records on-line reflect that in CR2009-007748, Petitioner has been charged with two counts of aggravated assault and one count of misdemeanor criminal damage.[4] The Superior Court has ordered a full Rule 11 evaluation of Petitioner's competency in all three of his pending criminal cases.[5]

In the current Petition, Petitioner names Maricopa County Sheriff Joseph Arpaio. Petitioner maintains that he is innocent of the criminal charges in CR2009-002248. (Id.) He asks this Court to stay his state criminal proceedings for reasons included in his Motion. (Id. at 2.) In the Motion, Petitioner asks this Court to stay five state cases: Petitioner's four state criminal cases and a civil case filed against Petitioner's mother, Victoria Mansanares.

---

been illegally held in custody since March 27, 2008. (Doc.# 1 at 1.) The three previously-filed cases cited in that Order are CR2008-119398, CR2008-007665, and CR2008-007673. Petitioner was convicted by a jury of resisting arrest and aggravated assault in CR2008-119398. Petitioner was ordered to co-operate in Rule 11 competency evaluations in the two other cases. See http://www.courtminutes.maricopa.gov/docs/Criminal/102009/m3920597.pdf.

[3] According to records available on-line, at a July 8, 2009 hearing held in case # CR2008-007665 and CR2008-007673, Petitioner was ordered removed by Superior Court Judge Timothy Ryan for inappropriate conduct. See http://www.courtminutes.maricopa.gov/docs/Criminal/072009/m3791998.pdf. Judge Ryan also terminated Petitioner's right to represent himself and appointed counsel. Id. On July 13, 2009, Judge Ryan granted a motion for a full Rule 11 competency evaluation. See http://www.courtminutes.maricopa.gov/docs/Criminal/072009/m3797122.pdf.

[4] See http://www.courtminutes.maricopa.gov/docs/Criminal/102009/m3942039.pdf.

[5] On December 8, 2009, the Superior Court appointed new counsel to represent Plaintiff and set a further hearing regarding the Rule 11 evaluation on January 19, 2010, in Plaintiff's three pending criminal cases, CR2008-007665, CR2008-007673, and CR2009-007748. See http://www.courtminutes.maricopa.gov/docs/Criminal/122009/m4006555.pdf.

1 Petitioner contends that two "unlawful proceedings" were set on October 22, 2009, referring
2 in part to an arraignment in CR2009-007748[6] and a hearing in CV2005-013356.[7]

## II. Motion for Emergency Relief

In his Motion for Emergency Relief, Petitioner seeks a stay of four criminal cases pending against him and a civil case pending against his mother. (Doc.# 3.) The Motion will be denied. As to the civil case, CV2005-013356, Petitioner may not seek relief on behalf of his mother because a litigant "'generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). Because Petitioner may not seek relief on behalf of a third party, in this case his mother, his request for a stay in Superior Court case# CV2005-013356 will be denied. Petitioner's motion to stay his state criminal cases will also be denied based on the Younger abstention doctrine, discussed below. Accordingly, the Motion for Emergency Relief will be denied.

## III. Pretrial Habeas Relief

Petitioner in part seeks a stay of his state court criminal proceedings pursuant to 28 U.S.C. § 2241. Challenges to pretrial incarceration may be brought pursuant to 28 U.S.C. § 2241(c)(3), which provides that "the writ of habeas corpus [extends to persons who are] . . . in custody in violation of the Constitution or laws or treaties of the United States . . . ." See McNeeley v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"). However, the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from

---

[6] The Motion and Petition were filed on October 22, 2009.

[7] On October 22, 2009, Victoria Mansanares failed to appear for an evidentiary hearing and judgment was entered against her. See http://www.courtminutes.maricopa.gov/docs/Civil/102009/m3947945.pdf.

directly interceding in ongoing state criminal proceedings. The <u>Younger</u> abstention doctrine also applies while a case works its way through the state appellate process. <u>New Orleans Pub. Serv., Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 369 (1989). Only in limited, extraordinary circumstances will the <u>Younger</u> doctrine not bar federal interference with ongoing (non-final) state criminal proceedings. Such circumstances include when a prisoner alleges that he is being subjected to double jeopardy.[8] See <u>Mannes v. Gillespie</u>, 967 F.2d 1310, 1312 (9th Cir. 1992). Speedy trial claims may also be reviewed if a detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges, and the detainee has exhausted all of his state court remedies. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489-90 (1973); <u>see</u> <u>In re Justices of Superior Court Dep't of Mass. Trial Court</u>, 218 F.3d 11, 18 & n.5 (1st Cir. 2000).

In this case, Petitioner seeks a *stay* of a pending state criminal proceeding and asserts violation of various federal civil rights statutes.[9] These grounds do not fall within the very limited circumstances in which a federal court may intercede in ongoing state criminal proceedings under the <u>Younger</u> doctrine. Therefore, to the extent that Petitioner seeks pretrial habeas relief concerning pending state criminal proceedings, the Petition will be dismissed without leave to amend based on the <u>Younger</u> doctrine.

## IV. Relief Pursuant to § 2241 is Unavailable for a State Conviction

To the extent that Petitioner may be seeking habeas relief as to a state court conviction, he must bring a case pursuant to 28 U.S.C. § 2254. A prisoner attacking a state conviction must seek federal habeas relief pursuant to 28 U.S.C. § 2254, rather than 28

---

[8] While Petitioner asserts in his motion that the double jeopardy clause "may have attached" in three of the previously filed state criminal cases, he does not assert– or allege facts to support– that the newly filed charges implicate double jeopardy.

[9] While a state inmate may seek injunctive or compensatory relief based on violation of his civil rights, he must do so in an action filed pursuant to 42 U.S.C. § 1983, not in a habeas petition. See <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004); <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004); <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

U.S.C. § 2241. Federal habeas relief pursuant to 28 U.S.C. § 2254 is the "exclusive vehicle" for a state prisoner to seek relief from a state conviction or sentence in federal court. See White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Further, federal habeas relief for a state conviction is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In addition, a petitioner who seeks habeas relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court. Rule 2(e), foll. 28 U.S.C. § 2254.

If Petitioner seeks relief as to a state court conviction, he must file a new action pursuant to § 2254. Further, under this Court's local rule, a habeas petitioner must use the court-approved form when he files a *pro se* petition pursuant to 28 U.S.C. § 2254, see LRCiv 3.5(a). Petitioner is further informed of the following: A prisoner attacking a state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). To exhaust state remedies, a petitioner must fairly present his claims to the highest state court within a state's standard review process in order to provide the state with an opportunity to rule on the merits of his federal claims. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); see McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals, either on direct appeal or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court. Crowell v. Knowles, 483 F.Supp.2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); cf. Swoopes, 196 F.3d at 1010 (citing pre-1989 statutory amendment); Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir. 2005) (same). Thus, the Petition will be dismissed to the extent that Petitioner seeks relief as to a

1 state court conviction in this case.[10]

2 **V.    Miscellaneous Motions**

3    After filing his Petition and Motion for Emergency Hearing, Petitioner filed several other motions. (Doc.# 6-11.) These were captioned as follows: "Motion for Federal Protection Life Endangerment and Physical Injury by MCSO State Courts Fail to Provide Equal Protection to 1964 Civil Rights Act" (doc.# 6); "Motion to Show Cause State Courts Fail to Provide Equal Protection to 1964 Civil Rights Act/Denial of Public Hearing" (doc.# 7); "Motion to Offer Info Evidence Bounds vs. Smith Violations 1st Amendment Access to the Courts" (doc.# 8); "Motion to Show Exhaustion of Administrative Remedys [sic] [illegible] for Review" (doc.# 9); "Motion to Accept Jurisdictional Statement and Trailing Motions" (doc.# 10); and "Motion to Clarify Garuanteed [sic] Rights to Due Process of Law Denial of Trial Transcripts and Equal Protection" (doc.# 11.) These motions concern a variety of topics including the handling of jail grievances, refusal of the Arizona Court of Appeals to accept jurisdiction over a special action filed by Petitioner against Superior Court judges who presided over hearings in Petitioner's state criminal cases, alleged violations of Petitioner's constitutional rights, violations of judicial canons, and the legality of Petitioner's arrests and detention. Because the Petition and this action are being dismissed for the reasons discussed above, Petitioner's remaining motions will be denied.

**IT IS ORDERED:**

(1)    Petitioner's "Petition [Motion] for Emergency Injunction: To Stay All Proceedings in State Cases" is **denied**. (Doc.# 3.)

---

[10] If a petitioner chooses to seek discretionary review in the Arizona Supreme Court, however, he must await the conclusion of that review before he may seek federal habeas relief. See Swoopes, 196 F.3d at 1010; Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983) (habeas petition prematurely filed where proceedings concerning same claims pending in state court); Fordjour v. Stewart, 44 Fed. Appx. 789, 789-90 (9th Cir. 2002) (habeas action may be dismissed as unexhausted and premature when discretionary petition is pending before the Arizona Supreme Court because relief could be granted that would moot federal claims).

(2) Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State Custody is **denied** and this action **dismissed** without leave to amend. (Doc.#1.)

(3) Petitioner's motions are **denied**. (Doc.# 6-11.)

(4) The Clerk of Court must enter judgment accordingly.

DATED this 16th day of December, 2009.

_____
Mary H. Murgula
United States District Judge